# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JARVIS JONES,** | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-00475-KD-N |
| | ) |
| **THE WHIRLPOOL** | ) |
| **CORPORATION,** | ) |
|    Defendant. | ) |

## PROTECTIVE ORDER

This action is before the Court[1] on an unopposed motion for a protective order under Fed. R. Civ. P. 26(c) filed by Defendant The Whirlpool Corporation ("Whirlpool") on May 16, 2023. (Doc. 28). Upon consideration, the motion is **GRANTED in part** and **DENIED in part**, in that the undersigned will enter the proposed protective order (Doc. 28), but with modifications as set out below.

Accordingly, and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), **ORDERED** as follows:

    1.    PROTECTED DISCOVERY MATERIAL: This Order shall govern all protected discovery materials produced or disclosed during this litigation, including the following: documents, things, data and information, answers to interrogatories,

---

[1] The assigned District Judge has referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/16/2023 elec. ref.).

answers to deposition questions, responses to requests for admission, affidavits and all other discovery taken pursuant to the Federal Rules of Civil Procedure from the Parties and third persons (collectively, "Discovery Material"). As used in this Order, "document" or "documents" shall have the same definition as in the Federal Rules of Civil Procedure.

2. Discovery Material designated for protection under this Order ("Protected Discovery Material") shall be designated by the Party producing ("Producing Party") as CONFIDENTIAL. The "CONFIDENTIAL" designation may be applied to Discovery Material that the Producing Party reasonably and in good faith determines to constitute trade secret or other confidential research, testing, development or commercial information, including but not limited to confidential financial, technical, commercial information, including highly sensitive trade secrets, technical practices, methods or know-how; present or future marketing plans; profit data or projections; shareholder information; business strategy; financial data and projections; confidential agreements or relationships with third parties; other such categories of documents; and/or materials that a party is under a pre-existing obligation to a third party to treat as such.

3. CONFIDENTIAL DISCOVERY MATERIAL: To designate and categorize written Discovery Material as "CONFIDENTIAL – Subject to Protective Order" Discovery Material, the Producing Party or third party shall stamp "CONFIDENTIAL" or similar language on each page of such Discovery Material, and the case name and number or similar designation on each page to identify that

the Discovery Material has been so marked for purposes of this action only. The designation and classification of information as "CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise. The documents shall be marked "CONFIDENTIAL" in a manner that will not interfere with the legibility of the document.

    4.    Confidential Discovery Material designated pursuant to Paragraph 3 above may be disclosed only to the following persons, and shall not be distributed or otherwise disseminated outside of the United States, except upon the prior written consent of the Producing Party:

    (a)    Attorneys from any law firm that is of record for any named party to this action and in-house counsel for any named party to this action;

    (b)    The Parties themselves or, if not a person, up to three designated officers of each party who have executed a written statement under oath in the form attached hereto as Appendix 1, with designation to be affected by service of the disclosure on the Parties' counsel of record;

    (c)    Secretarial, clerical and legal assistants working under the supervision of the attorneys and officers designated, assigned to and necessary to assist in the conduct of this action;

    (d)    Outside contractors hired by any of persons designated above to copy, index, sort, or otherwise manage the storage and retrieval of discovery

materials, provided that such outside contractors have agreed to keep any documents or other information they have access to as confidential;

(e) Independent consultants and experts, to the extent disclosure is in good faith and necessary for the conduct of this action, provided that such consultants and experts are not current employees of a competitor dishwasher manufacturer of Whirlpool, and have agreed to keep any documents or other information they have access to as confidential and have signed the form attached hereto as Appendix 1;

(f) Any other person during the course of depositions in this action or oral or written examinations, provided that any such person was, at the time the document was prepared, a director, officer or employee of the Producing Party and a foundation can be laid that the witness likely had knowledge of the Confidential Information contained therein, except that any such document or information shall not be left in the possession of the deponent;.

(g) Court reporters and videographers who record and/or transcribe deposition or other testimony in this action; and

(h) The Court and its staff

5. For purposes of the above paragraphs, information produced or provided on a computer disk, data tape or other medium that has not been reduced to paper form may be designated as Confidential Discovery Material by labeling the media containing such information with the appropriate designation(s). To the

extent that the media is so labeled, all information contained on that media shall be considered to bear such designation.

6. CONFIDENTIALITY UNDERTAKINGS: No Disclosure of Protected Discovery Material shall be made to anyone pursuant to the above paragraphs except after compliance with the following procedure: The party seeking to provide Protected Discovery Material to another ("Receiving Party") shall have such party provide a proposed "CONFIDENTIALITY UNDERTAKING" of the form annexed as Appendix 1 to this Order signed and completed with the name, title, and business address.

7. FILING UNDER SEAL: All Protected Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such material, shall be filed under seal in compliance with any Local Rules, and with the designations required by this Protective Order. The designation of Confidential shall be stamped prominently on the filing envelope, together with the words "Filed Under Seal," the filing date of this Order and the name, address and telephone number of the person filing the document. A copy of this Order shall be included in the filing envelope. Only those portions of the filing with the Court constituting Protected Discovery Material shall be filed under seal. This paragraph shall not be construed to limit or prohibit the right of a Party to challenge a designation of Protected Discovery Material, as provided in this Order.

8. CHALLENGING CONFIDENTIALITY DESIGNATION: If counsel for a party receiving documents or information designated as Confidential

hereunder objects to such designation of any or all of such items, the following procedure shall apply: (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 10 days, and shall state with particularity the grounds for asserting that the documents or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. (b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in keeping with the Federal Rules of Civil Procedure and Local Rules of Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

  9. JURISDICTION: Each individual who receives Protected Discovery Material and signs the form attached hereto ("Appendix 1") agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

  10. DEPOSITIONS: Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall

be treated as Confidential Information for a period of 14 days after the receipt of the deposition transcript. No later than the 14th day after the receipt of the deposition transcript, a party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information.

11. INADVERTENT FAILURE TO DESIGNATE OR INADVERTENT PRODUCTION: In the event that a party who has produced information discovers that "CONFIDENTIAL" Discovery Material has not been designated or has been inadvertently produced without being marked with the appropriate designation, the Producing Party may thereafter notify the party receiving such information under the Protective Order and require the latter to retrieve and return any unmarked material and to substitute therefor appropriately marked material, provided (i) the Producing Party has initially taken reasonable measures to identify and designate the subject material, (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent failure to designate. Upon receipt of such notification from the Producing Party, the Receiving Party shall not thereafter disclose any such material or any information contained therein to any persons who are not "qualified persons" as that term is hereinafter defined.

12. In the event of an inadvertent disclosure by the Receiving Party of the

"CONFIDENTIAL" Discovery Material of another party or a third party, the party recipient making the inadvertent disclosure shall upon learning of the disclosure:

(i) immediately notify the party to whom the disclosure was inadvertently made that it contains "CONFIDENTIAL" Discovery Material subject to this Protective Order;

(ii) immediately make all reasonable efforts to recover the information as well as preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

(iii) within five (5) days, notify the Producing Party of the identity of the person to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to recover the information and the steps taken to insure against the further dissemination or use of the information.

13. SECURITY: The recipient of Protected Discovery Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

14. All Protected Discovery Material produced in this action shall only be used in connection with the preparation, trial and appeal, if any, of this action and shall not be used for any other purpose or use or disclosed to any other person or entity unless otherwise agreed to beforehand in writing by the Producing Party or

if the Court so orders; however, this requirement shall not prejudice any Party's right to seek or oppose an order from the Court permitting the use in other litigation of Protected Discovery Material.

15.   USE BY PRODUCING PARTY:  Nothing contained in this Order shall preclude a Party producing Protected Discovery Material from using its own Protected Discovery Material in any manner it sees fit, or from revealing such Protected Discovery Material to whomever it chooses, without the prior consent of any other Party or of this Court.

16.   COVERAGE:  This Order pertains only to Protected Discovery Material provided by the party producing it and does not limit the use or disclosure of materials which have been obtained by any Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

17.   TERMINATION OF ACTION:  Within sixty (60) calendar days after the final termination of this action, including any appeals, all Parties, third parties, and counsel, shall return all Protected Discovery Materials and all copies thereof to the Party or third person that produced it or, at the election of the person or entity in possession of the Protected Discovery material, shall destroy all Protected Discovery Material and copies thereof. All Parties who possessed such Protected Discovery Material shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Party.

18. MODIFICATION: Any Party hereto may at any time make a motion requesting the Court modify this Order.

19. SURVIVAL: The treatment accorded Protected Discovery Material under this Order shall survive the termination of this action and this Court may exercise jurisdiction over this Order.

20. NO ADMISSIONS: The disclosure of a document or its production for inspection in this action shall not constitute an admission of its authenticity, relevance or admissibility in this action.

21. The Court may modify this Protective Order if necessary in the interests of justice.

**DONE** and **ORDERED** this the 1st day of June 2023.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JARVIS JONES,** ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:22-00475-KD-N** |
| ) | |
| **THE WHIRLPOOL** ) | |
| **CORPORATION,** ) | |
|    Defendant. ) | |

## **APPENDIX 1**

I, _____, hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER entered by the Court in the above-captioned action, that I am one of the persons contemplated as authorized to receive Protected Discovery Material and that I fully understand and agree to abide by the obligations and conditions of the Protective Order. I agree to maintain any Protected Discovery Material I receive in a separate and identifiable file, access to which is appropriately restricted.

_____
(Signature)

_____
(Title or Position)

_____
(Street Address)

_____
(City, State, Zip Code)

Dated: _____