IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JARVIS JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civ. Action No. 1:22-00475-KD-N |
| | ) |
| THE WHIRLPOOL CORPORATION | ) |
| and ROBERTSHAW CONTROLS | ) |
| COMPANY, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on Plaintiff Jarvis Jones' ("Plaintiff") Motion to Dismiss [Defendant Robertshaw Controls Company ("Robertshaw")] Without Prejudice, (Doc. 58), and Defendant Whirlpool Corporation's ("Whirlpool") Stipulated Withdrawal of Motion for Stay and Response to Plaintiff's Motion to Dismiss, (Doc. 63). Upon consideration and for the reasons set forth herein, Plaintiff's Motion to Dismiss Without Prejudice, (Doc. 58), is **GRANTED.**[1]

**I.    DISCUSSION**

After an opposing party has served an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2)'s basic purpose is "to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).[2] "[I]n most cases a

---

[1] Whirlpool no longer requests that this action be stayed pending completion of Robertshaw's ongoing bankruptcy proceeding and no longer opposes Plaintiff's Motion to Dismiss. (Doc. 63 at 1-2). Accordingly, Whirlpool Corporation's Stipulated Withdrawal of Motion for Stay and Response to Plaintiff's Motion to Dismiss, (Doc. 63), is **GRANTED** and Whirlpool's Motion to Stay, (Doc. 56), and Response in Opposition to Motion to Dismiss, (Doc. 62), are **WITHDRAWN.**

[2] Decisions of the Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis included). "The district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case . . . ." Id. at 857. "While the district court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants, the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias v. Cameron, 776 F.3d 1262, 1269 (11th Cir. 2015) (cleaned up). In addition, this Court has held that the plaintiff's voluntary dismissal of a bankrupt defendant does not violate the automatic stay provision of 11 U.S.C. § 362(a). Slay v. Living Ctrs. E., Inc., 249 B.R. 807 (S.D. Ala. 2000); see also In re Long, 564 B.R. 750, 759 (Bankr. S.D. Ala. Jan. 9, 2017) ("Just as a bankruptcy court may lift the stay to permit an action to proceed to completion in another tribunal, in this district and many others, so may a plaintiff dismiss a debtor from a lawsuit without violating the automatic stay.").

Here, the Court already, pursuant to Section 362(a), stayed all claims asserted against Robertshaw. (Doc. 55). Moreover, Whirlpool no longer opposes Plaintiff's motion to dismiss Robertshaw without prejudice. (Doc. 63 at 2). Accordingly, because the record reveals no prejudice that will be incurred to any party by so doing, Plaintiff's Motion to Dismiss Without Prejudice, (Doc. 58), is **GRANTED**.

**DONE** and **ORDERED** this **30th** day of **April 2024**.

/s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE