**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JARVIS JONES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:22-00475-KD-N** |
| | ) | |
| **THE WHIRLPOOL** | ) | |
| **CORPORATION,** | ) | |
| **Defendant.** | ) | |

# ORDER

This action is before the Court on Plaintiff Jarvis Jones's Motion for Reasonable Expenses (Doc. 97) and Motion for Sanctions (Doc. 105).[1] Upon consideration, Plaintiff's Motion for Expenses (Doc. 97) is **GRANTED in part** and **DENIED in part**, and Motion for Sanctions (Doc. 105) is **DENIED**.

## I. Background

Plaintiff filed a motion to compel Defendant the Whirlpool Corporation ("Whirlpool") to produce additional documents and Rule 30(b)(6) deposition (Doc. 81) on August 6, 2024. Parties filed briefs and appeared before the Court for oral argument on September 10, 2024, which resulted in this Court granting in part and denying in part Plaintiff's motion on September 17, 2024 (Doc. 96) ("September Order").

---

[1] The Court has referred the motions (Docs. 97, 105) to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/02/2024; 11/04/2024 electronic references).

Parties have engaged in ongoing discovery litigation since 2023. Earlier, Plaintiff filed a motion to compel (Doc. 68) in May of 2024, which was granted in part on July 1, 2024. (Doc 79) ("July Order").[2] Interrogatories and requests for production were at issue, with this Court ordering:

> Whirlpool is ordered to identify its models or products (including those within the Defendant corporate umbrella) fitting the physical characteristics of the stove at issue in this case, as described in Part IV, which it shall then use to search its database for responsive instances known to Whirlpool and occurring no earlier than five years prior to the date upon which Plaintiff's initial discovery was served, where those models or products are alleged to have failed in a manner the same or substantially similar to the manner described by Plaintiff.

(Doc 79, Page 12).[3]

Further, the Court limited the response to similar incidents where stoves "spontaneously ignited and/or otherwise had a temperature/heat output that deviated from the burner's controller" and led to "claims, complaints, reports, alerts, notices or lawsuits." (*Id.* at 9-10).

Defendant was ordered to supplement its response, utilizing those search results, which yielded one additional incident from Defendant's "Claims and Litigation Database." (Doc. 81, PageID.658; Doc. 90, ¶ 5, PageID.815). However, after supplemental production and Rule 30 deposition, Plaintiff argued a lack of

---

[2] A prior motion to compel dates back to October of 2023, but was eventually withdrawn. (Docs. 47, 52, 53).

[3] Part IV of the Order narrowed searches to "Glass Top Stoves (bearing any Whirlpool or Whirlpool umbrella brand) with physical knobs that contain Robertshaw Infinite Switches. (See generally, Docs. 68, 77). Only a finite number of Whirlpool and/or Whirlpool umbrella products will contain those exact specifications." (Doc. 79, Page 9).

compliance with the July Order. Parties failed to resolve their dispute, which resulted in the operative motion to compel (Doc. 81) in August of 2024.

Namely at issue was whether Defendant exhausted search requirements of similar incidents as ordered, or if Defendant utilized a singular non-encompassing database with their own parameters of "damage, injury, or hazard to health." After briefings and oral argument, the Court found that Plaintiff had shown a deficiency in production and a lack of compliance with the prior order. The Court granted Plaintiff's Motion to Compel (part was found moot, as it was verbatim of the previous July Order) and directed Defendant to produce documents of similar incidents within the Court's specifications. (Doc. 96, Page 10-11).[4]

As a result, Defendant produced 348 similar incidents from three additional databases. Plaintiff has moved the Court for reasonable expenses related to the litigation (Doc. 97) and separately moved for additional sanctions (Doc. 105) due to the severity of Whirlpool's prior noncompliance.

## II. Analysis

### A. Rule 37(a) Attorney's Fees

As to the award of reasonable expenses, the Court stated in its September Order:

> To the extent Plaintiff seeks an award of "reasonable expenses" under Fed. R. Civ. P. 37(a)(5)(A) for bringing the subject motion to compel, any motion for reasonable expense under Rule 37(a)(5)(A) must be filed and served no later than October 1, 2024. Any such motion must include evidence and argument supporting both the amount and reasonableness of the expenses sought. The failure to file such a motion by the deadline

[4] The Court also ordered additional depositions regarding the handling of Plaintiff's claim, and to a reasonable extent, related incidents.

> will be deemed a waiver of any entitlement to Rule 37(a)(5)(A) expenses in connection with the subject motion to compel. (Doc. 81). If a motion for expenses is timely filed, an appropriate briefing schedule will be entered forthwith.

Plaintiff timely filed the present Motion for Reasonable Expenses on October 1, 2024, and the motion has been fully briefed. (*See* Docs. 97, 99, 100). Rule 37(a) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The language of Rule 37 leaves little room for interpretation, and the Eleventh Circuit has reached the "inescapable conclusion" that an award of fees following a successful motion to compel is mandatory unless one of the exceptions under Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) applies. *Pippen v. Georgia-Pacific, LLC*, 2008 WL 11336682, *3 (N.D. Ga. 2008) (citing *DeVaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993)). Thus, Rule 37 essentially "creates a rebuttable presumption in favor of sanctions." *RBC Bank (USA) v. Funk Family P'ship*, 2011 WL 13136317, *3 (S.D. Ala. 2011) (citations omitted).

**i. Requirement to Confer**

"[T]he court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action[.]" Fed. R. Civ. P. 37(a)(5)(A)(i). The advisory committee notes on the 1993 Amendment states, that the rule was "revised to provide that a party should not be awarded its expenses for filing a motion that could have been avoided by conferring with opposing counsel." *Id.* Whirlpool argues that Plaintiff failed to meet and confer in good faith.

After the July Order, parties participated in a 30(b)(6) deposition of Whirlpool's product safety engineer on July 23, 2024. Having rebuked many of Plaintiff's requests in the "Response to Notice of Deposition," parties entered with their familiar contentious posture. The same issues were on the table at this interaction. *See* (Doc. 81-2, PageID.680); *see generally* Rule 30(b)(6) transcript (Doc. 81-4, PageID.712). Afterward, Plaintiff memorialized their contentions via letter and accompanying telephone call. (*See* Doc. 81-1, PageID.675-79). Coupled with the previous year-and-a-half of discovery disputes, the undersigned finds Plaintiff's burden satisfied.[5]

**ii. Substantially Justified**

"[T]he court must not order this payment if: (ii) the opposing party's nondisclosure, response, or objection was substantially justified[.]" Fed. R. Civ. P. 37(a)(5)(A)(ii).

---

[5] The Court notes the change of counsel and discovery deadlines but finds Plaintiff's burden was met. *See* Fed. R. Civ. P. 37(a)(5)(A)(i).

In context, the term "substantially justified" means "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). *See DeVaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) ("Discovery conduct should be found substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.").

During the briefing for the subject motion to compel, Whirlpool represented to opposing counsel and this Court that they were in full compliance with the July Order (Doc. 90, PageID.818), and only alluded to difficulties with E-discovery during oral argument. Defendant now asserts the previous nondisclosure of contents was substantially justified because of cost and disproportionality. (Doc. 99, PageID.893).

Nonetheless, a party's "assertions that they 'acted in good faith' ... does not absolve them from liability under Rule 37(a)(5)." *Weaver v. Stringer*, 2019 WL 1495279, at *3 (S.D. Ala. 2019) (citing *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)) ("Although the failure to produce may not have been in bad faith, the presence or absence of bad faith is relevant to the choice of sanctions rather than to the question whether a sanction should have been imposed. In view of the range of sanctions available, even negligent failures to allow reasonable discovery may be punished.") The Court narrowly defined the terms of production and eliminated any genuine dispute. *See Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). As to reasonableness, the undersigned is unpersuaded. Whirlpool altered the

terms of the search and limited responses to one department.[6] *See Swafford Settlement Servs., Inc. v. Title Indus. Assurance Co., RRG*, 2008 WL 11426860, at *4 (S.D. Ala. 2008). Plaintiffs' *post-hoc* rationalization is without merit. *See Weaver*, 2019 WL 1495279 (S.D. Ala. 2019) ("Because the Defendants did not rely on their objections in resisting the Plaintiff's motions to compel until the Court found it necessary to call a hearing, they should not now be allowed to rely on those same objections to claim that their position with regard to those motions was substantially justified."). Rule 37(a)(5)(A)(ii) directs the Court to look to whether "the opposing party's nondisclosure, response, or objection was substantially justified" not the excuse submitted after the Court rules on the discovery dispute. *See Rodney K. v. Riley*, 2022 WL 851724 (S.D. Ala. 2022). Substantial justification cannot be found.

**iii. Unjust Expense**

Whirlpool argues that due to the excessive amount of time and money spent complying with the Court's September Order, an award of expenses would be unjust; expenses incurred in response to the order exceed the costs of Plaintiff's medical expenses in this case.

The rule "creates a rebuttable presumption in favor of sanctions." *RBC Bank (USA),* 2011 WL 13136317, at *3 (citation omitted). Whirlpool's expenses incurred for failing to comply with a prior court order—to which Plaintiff could have also sought

[6] Additionally, Whirlpool later stipulated to supplemental production of other material discussed in the 30(b)(6) deposition, including various engineering analyses, but only after the motion was filed. *See* Fed. R. Civ. P. 37(a)(5)(A) ("provided after the motion was filed"); (Doc. 81-4, PageID.712).

an award—provides little substantive justification as to why the claimed fee should not be awarded and does not overcome a presumption in its favor. *See id.* The primary purpose of Rule 37(a)(5)'s fee-shifting provisions is to minimize courts becoming involved in the discovery process and encourage all parties to be as forthcoming as possible during the discovery process. *See Weaver*, 2019 WL 1495279, at *3; Fed. R. Civ. P. 37(a) advisory committee's note to the 1970 amendment ("the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery" and is "the most important available sanction to deter abusive resort to the judiciary"). *Cf. McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) ("an important purpose of the expense-shifting sanction … is to establish incentives for litigants to respond reasonably and in good faith to appropriate requests for admissions"). The undersigned finds no exception applicable under Rule 37(a)(5)(A)(i)-(iii).

**iv. Reasonable Expenses**

Plaintiff seeks the award of $10,143.65, consisting of $9,327.50 in attorney's fees and $809.75 in costs (transcripts and deposition) under Rule 37(a)(5)(A). (Doc. 97, PageID.880). Counsel submitted an affidavit and attached billing exhibit, which consists of 28.7 hours at $325 an hour. (Doc. 97-1, PageID.887).

"[T]he calculation of reasonable attorney's fees is ... clearly within the sound discretion of the trial judge." *Tufaro v. Willie*, 756 F. Supp. 556, 561 (S.D. Fla. 1991) (citing *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1187 (11th Cir. 1983)). Under

Rule 37(a)(5)(A), "an award of expenses is limited to the expenses incurred in making the motion to compel." *Hall v. Government Employees Ins. Co.*, 2008 WL 2704595, *1 (M.D. Ga. 2008) (citing Fed. R. Civ. P. 37(a)(5)(A)); *see also Odom v. Navarro*, 2010 WL 547652, at *4 (S.D. Fla. 2010) ("Rule 37(a)(5)(A) provides for an award of expenses incurred in filing a motion to compel[.]"). The rule does not provide for an award of expenses incurred in trying to obtain discovery responses before filing a motion to compel or time spent conferring "about the discovery issues[.]" *Hall*, 2008 WL 2704595 at *1. "Only time spent on tasks that were performed in conjunction with making the motion are compensable[.]" *RBC Bank (USA),* 2011 WL 13136317, at *3.

Plaintiff's award is due to be reduced. The affidavit provided includes the following billing entries:

- 1.6 hours for "Review, analyze, and take notes on David Iott's deposition."
- 0.2 hours for "Draft Motion to Seal."
- 1.0 hours for "Motion for Relief from Expert Deadlines."
- 0.3 hours for "Finalize Motion to Compel, Motion for Relief from Expert Deadlines, and Motion to Seal for filing."
- 0.3 hours for "Review and analyze September 17 Order…."

(Doc. 97-1, PageID.890-91).

Plaintiff's billing is reduced by 3.4 hours, and the claim for "costs and related fees for the deposition" is rejected. (Doc. 97-1, ¶ 11, PageID.889). The undersigned finds that these entries are "expenses incurred in trying to obtain discovery responses

before filing a motion to compel" or tasks unrelated to "making the motion." *See RBC Bank (USA)*, 2011 WL 13136317 at *3. Accordingly, these entries are struck.

In general, the starting point for calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The result of this calculation is the "lodestar method," and there is a presumption that the lodestar figure represents a reasonable fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

In determining a reasonable hourly rate, the Court looks to the *Johnson* factors. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008).[7] However, the Court may also look to its own experience and authority in determining the reasonableness of a fee award. *See Ibezim v. GEO Group, Inc.*, 786 F. App'x. 975, 976-77 (11th Cir. 2019) (discussing the district court's authority to assess the reasonableness of attorney's fees).

In the present case, Plaintiff's counsel presents a rate of $325 per hour on behalf of her client. She has practiced specifically in product liability for over a decade, and before transitioning from defense work, commanded a rate of $300 per

---

[7] "Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Bivins*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted).

hour. (Doc. 97-1, ¶ 4, PageID.886). While Plaintiff has not specifically offered evidence of prior awards or independent affidavit opinions to support the prevailing market rates, the Court is familiar with the prevailing rates in this district and finds the rate reasonable. *See Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000) (finding that when specific documentation is lacking, the court may make an award based upon its own experience). Moreover, this award is consistent with the lodestar calculation, and thus, is presumed reasonable. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

After the reduction specified above, Plaintiff's fee award stands at $8,222.50 based upon 25.3 hours at $325 per hour. Defendant does not dispute the asserted rate of billing (notably, defense counsel billed at $520 an hour for the same litigation). Thus, the undersigned finds this to be a reasonable award against Defendant.[8]

**B. Additional Sanctions**

Plaintiff moves for additional sanctions pursuant to Fed. R. Civ. P. 26(g) and Rule 37(b). If a district court finds that Rule 26(g)'s certification requirement has been violated "without substantial justification," the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.* "The decision of what sanction is appropriate, however, is committed to the district court's

[8] Due to a change in counsel and sophistication of parties, this award is directed solely at Defendant, the Whirlpool Corporation. (*See* Doc. 90-1, Affidavit of Senior Manager, Legal Disputes).

discretion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997). Here, given the award of expenses incurred in bringing their motion to compel, any concurrent award under Rule 26(g)(3) would be duplicative and unnecessary. *See Rodney K. v. Riley,* 2022 WL 851724 (S.D. Ala. 2022).

While Rule 37(a) fee awards are "inescapable," Rule 37(b) sanctions are within the discretion of the court. *See Properties International, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir 1983) ("It is settled law that imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court…."). Compelling additional productions of documents was an award in and of itself, and Plaintiff is entitled to reasonable fees associated with that motion. *See Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 370 (11th Cir. 2009) (compensating a party and compelling discovery are permissible purposes of sanctions). However, the undersigned finds that additional sanctions are unwarranted. *See id*. ("The nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances."); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997) (judicial discretion in determining appropriate sanctions).

**B. Conclusion**

Accordingly, Plaintiff's Motion for Sanctions under Rules 37(b) and 26(g) (Doc. 105) is **DENIED**, and Plaintiff's Motion for Fees pursuant to Rule 37(a)(5)(A) (Doc. 97) is **GRANTED in part** and **DENIED in part**, for an award against Defendant in the amount of $8,222.50. The amount is to be paid within 14 days from the date of this Order, unless Plaintiff agrees to a later date.

**DONE** and **ORDERED**, this the 17th day of January 2025.

*/s/ Katherine P. Nelson*
Katherine P. Nelson
United States Magistrate Judge