IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JARVIS JONES,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION No. 22-00475-KD-N<br>) |
| THE WHIRLPOOL CORPORATION,<br>    Defendant. | )<br>)<br>) |

## ORDER

This action is before the Court on the motion for leave to file third-party complaint against Angela Jones, (Doc. 115), filed by Defendant Whirlpool Corporation ("Whirlpool"). Upon consideration, and for the reasons below, the motion is **DENIED**.

### I.    Background

This action stems from an incident involving a Whirlpool Glass Top Range, which occurred on March 17, 2022, in Mobile County, Alabama. (Doc. 115 at 3). Plaintiff Jarvis Jones brought a five-count action in the Circuit Court of Mobile County. (Doc. 1-2). Whirlpool removed the case to this Court based on federal diversity subject matter jurisdiction. (Doc. 1).

Whirlpool requests leave to join Angela Jones into this action as a third-party defendant pursuant to Federal Rule of Civil Procedure 14. Whirlpool argues that Plaintiff's expert designations put forth a new theory regarding the cause of the fire. (Doc. 115 at 3). Whirlpool contends that if Plaintiff's theory regarding the cause of the fire is true, then Angela Jones is at fault, (id. at 3), and Whirlpool is entitled to indemnity and contribution. (Doc. 115-4 at 4).

Plaintiff Jarvis Jones responds with three reasons why Whirlpool's motion should be denied. "First, Whirlpool's proposed Third-Party Complaint is invalid as a matter of law because Alabama does not recognize indemnity and contribution among joint tortfeasors." (Doc. 122 at 2). "Second,

Whirlpool's Third-Party Complaint is untimely because the deadline for naming additional parties under this Court's Scheduling Order expired in July 2023 and Whirlpool cannot establish good cause for its delay." (Id.). "Third, Whirlpool's claim that its Third-Party Complaint was triggered by a 'new' causation theory from Plaintiff is simply untrue." (Id.).

Whirlpool's reply argues that Plaintiff's response "largely ignores the procedural posture of Whirlpool's Motion and the standards for and purpose of Fed. R. Civ. P. 14." (Doc. 125 at 1). Whirlpool argues that Plaintiff's arguments as to the sufficiency of the proposed third-party complaint are procedurally improper and that Plaintiff's timing arguments as to the "good cause" standard are unavailing. (Id. at 2–3).

## II. Law and Procedure

Under Rule 14(a)(1), a defendant may "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Impleader, or third party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim." Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982). "Classically, actions for subrogation, indemnification, or contribution meet this test." 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 14 (2024).

Rule 14, however, "does not create any substantive rights to relief." Id. In other words, "a third-party action is proper only when a right to relief exists under the applicable substantive law." Id. "The impleading party need not establish that he will win, just that there is some recognized theory by which the putative third-party defendant 'may be liable' to him derivatively." Id.

"In those jurisdictions that follow the common-law rule and do not recognize a right of contribution between joint tortfeasors, impleader for contribution will not be allowed." 6 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1448 (3d ed. 2024). "It is well settled that Alabama law does not permit contribution among joint tortfeasors and that, subject to limited exceptions, joint tortfeasors are not entitled to indemnity from one another." Harris v. Dubai Truck Lines, Inc., 347 So. 3d 1231, 1233–34 (Ala. 2021).

### III.     Analysis

Whirlpool contends that Angela Jones may be liable to Whirlpool for all or part of the claim against Whirlpool based on Plaintiff's new theory regarding the alleged failure of Whirlpool's product. (Doc. 115 at 3). Whirlpool's proposed third-party complaint alleges one count—arguing that Whirlpool is entitled to indemnity and contribution. (Doc. 115-4 at 4). Classically, claims for contribution and indemnity meet Rule 14's test.

In this diversity action, however, "[t]he application of Rule 14 depends on the existence of a substantive right to indemnity or contribution under Alabama law." Coates v. CTB, Inc., 173 F. Supp. 2d 1200, 1203 (M.D. Ala. 2001). "It is well settled that Alabama law does not permit contribution among joint tortfeasors and that, subject to limited exceptions, joint tortfeasors are not entitled to indemnity from one another." Harris, 347 So. 3d at 1233–34. Whirlpool does not argue that any exceptions to the general rule barring contribution among joint tortfeasors apply. Thus, Whirlpool has not established a recognized theory under which Angela Jones may be liable.

Plaintiff's response thoroughly explains that Alabama law does not allow indemnity or contribution among joint tortfeasor. (Doc. 122). Contrary to Whirlpool's contention, it is not "plainly inappropriate" to analyze the sufficiency of Whirlpool's proposed third-party claim. (Doc. 125 at 3).[1] The trial court has broad discretion in deciding whether to permit a third-party

---

[1] Likewise, Whirlpool's contention that Plaintiff's timing argument "plainly ignores the standards under Fed. R. Civ. P. 14," (Doc. 115 at 3), is incorrect. "If leave to file a third-party complaint is sought after the deadline to join additional parties set in the scheduling order, then the impleading party must also show good cause why the late-filed motion should be allowed." Gensler, supra.

complaint. See Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999) ("[T]he determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings."). Here, Whirlpool fails to allege any colorable claim of derivative liability. Therefore, Whirlpool's motion, (Doc. 115), is **DENIED**.

**DONE** and **ORDERED** this **14th day** of **February 2025.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**