IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JARVIS JONES,<br>   Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:22-00475-KD-N<br>) |
| THE WHIRLPOOL<br>CORPORATION,<br>   Defendant. | )<br>)<br>)<br>) |

**ORDER**

This action is before the Court on the "Motion to Strike Plaintiff's Designation of Experts and to Exclude Expert Testimony and/or to Set Expert Disclosure Deadlines" filed by the Whirlpool Corporation. (Doc. 112).[1] For the reasons set forth herein the motion is denied under Fed. R. Civ. P. 37(c)(1).

**I.    Background**

The parties have engaged in multiple discovery disputes since this action began in late 2022. On August 6, 2024, Plaintiff filed a motion to compel, during which time expert disclosure deadlines were stayed. (*See* Docs. 66, 88). The Court granted the motion on September 17, 2024, and lifted the stay on expert deadlines October 23, 2024. (Docs. 96, 101). The parties then filed a joint motion to amend the scheduling order on October 29, 2024, which was granted in part on November 4, 2024. (Docs. 102, 104). The Third Amended Scheduling Order declined to retroactively extend

---

[1] The District Judge assigned this case has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a); *See* S.D. Ala. GenLR 72(b) (01/16/2025 elec. ref.).

expired deadlines in this two-year-old action but granted a five-month extension for remaining deadlines, including discovery and trial dates. (*See* Doc. 104). Expert testimony deadlines—which expired during the stay—had been set for August 14, 2024 (Plaintiff), September 13, 2024 (Defendant), and October 15, 2024 (Plaintiff's rebuttal).

The current dispute stems from Plaintiff filing expert disclosures on January 8, 2025, a date expressly denied in the Third Amended Scheduling Order. (*See* Docs. 104, 111).[2] Defendant moves to strike, seeking to bar Plaintiff from using any expert witnesses in this products liability case.

## II.   Analysis

Pursuant to Fed. R. Civ. P. 26(a)(2), parties "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). These disclosures are to be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Moreover, "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise... compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), overruled on other grounds by *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006) (citation omitted); *Fortune Holdings, LLC v. State Farm Fire & Cas. Co.*, 2023 WL 11842921, at *3 (S.D. Ala. 2023).

---

[2] Both parties attended a metallurgical testing in late November, which was approximately 90 days after the originally scheduled deadline for Plaintiff.

Rule 37 addresses a party's failure to make a required or timely disclosure under Rule 26. *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). Specifically, Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37's sanction of exclusion is "automatic and mandatory" unless the Court finds the Rule 26 violation is substantially justified or harmless. *Fortune Holdings, LLC*, 2023 WL 11842921 at *3 (citation omitted); *OFS Fitel, LLC v. Epstein*, 549 F.3d 1344, 1363 (11th Cir. 2008) (explaining district courts "clearly ha[ve] the authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless."). The non-disclosing party bears "[t]he burden of establishing that [its] failure to disclose was substantially justified or harmless." *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006); Determination of whether a Rule 26 violation is substantially justified or harmless lies with the district court. *Glass-Wyble v. GEICO Ins. Co.*, 2020 WL 516603, at *8 (S.D. Ala. 2020); *see Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) ("[t]he district court has broad discretion in determining whether a violation is justified or harmless.").

In deciding whether a party's failure to timely disclose an expert's report is harmless, courts consider: (1) the importance of the report; (2) the reasons for the party's failure to disclose the report earlier; and (3) the prejudice to the opposing

party if the court fails to exclude the report. *See Pleasant v. Neesmith Timber Co., Inc.*, 2011 WL 841072, at *1 (S.D. Ga. Mar. 7, 2011) (citing *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005)); *see also Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010) (underlying the harmlessness determination is whether the opposing party suffered prejudice from the untimely disclosure). Ultimately, there is no bright line rule for when a Rule 26 violation is deemed "harmless." Courts typically deem a Rule 26 violation "harmless" if the mistake is an honest one that does not result in prejudice to the opposing party. *Glass-Wyble,* 2020 WL 516603 at *8, n.1. Further, there is support within this circuit for the principle that "[w]hen a party has 'ample time to depose' a witness 'or otherwise seek discovery' with respect to the witness and his likely testimony, any tardiness in disclosing the witness is typically harmless." *Lamonica v. Hartford Ins. Co.*, 336 F.R.D. 682, 687 (N.D. Fla. 2020) (citing *Baker Hughes, Inc. v. S&S Chem., LLC*, 836 F.3d 554, 569 (6th Cir. 2016)). Given the above calculus and the Court's broad discretion, the undersigned finds the factors weigh in favor of finding Plaintiff's failure to comply harmless.[3] Therefore, Defendant's motion is denied.

However, the undersigned finds good cause for modifying the scheduling order (Doc. 66, as modified by 104) under Rule 16(b)(4), accordingly the schedule is

---

[3] The second prong defeating sanctions under Rule 37(c)(1) is substantial justification. Substantial justification exists "if reasonable people could differ as to the appropriateness of the contested action." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d at 1358 (quoting *Devaney v. Cont'l Am. Ins. Co.*, 989 F. 2d 1154, 1163 (11th Cir. 1993)). Having found Plaintiff's failure harmless, discussion is unnecessary. *See* Fed. R. Civ. P. 37(c)(1).

MODIFIED as follows:

- Section 7 ("EXPERT TESTIMONY") is modified as follows: The disclosures of expert testimony as required by Fed. R. Civ. P. 26(a)(2) and S.D. Ala. CivLR 26(b) must be made (1) by the plaintiff(s) on or before **January 8, 2025**, except that expert testimony intended solely to contradict or rebut, as contemplated by Rule 26(a)(2)(D)(ii), shall be disclosed by the plaintiff(s) on or before **April 1, 2025**, and (2) by the defendant(s) on or before **March 25, 2025**, including expert testimony intended solely to contradict or rebut, as contemplated by Rule 26(a)(2)(D)(ii). An expert's deposition, if taken, must be noticed and completed -- **by the close of Discovery, April 30, 2025**. All challenges to expert witnesses, including Daubert motions, are to be filed as soon as possible but in no event later than **May 15, 2025**.

- The first sentence of Section 4 ("DISCOVERY COMPLETION") is modified as follows: All discovery must be completed no later than **April 30, 2025.**

- The first sentence of Section 11 ("DISPOSITIVE MOTIONS") is modified as follows: Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery,

5

are to be filed as soon as possible but in no event later than **May 15, 2025.**

**All other deadlines and provisions set out in the Rule 16(b) order (*See* Doc. 66, as modified by Doc. 104)--including the pretrial conference date set August 28, 2025--and not specifically modified herein remain in effect.**

**DONE** and **ORDERED** this the 19th Day of February 2025.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**